## McCULLOUGH v. HICKS, COUNTY AUDITOR.

1. INJUNCTION—JURISDICTION—FEDERAL COURTS.—WRIT OF MANDAMUS by United States Circuit Court is a process ancillary to the judgment by which it is enforced, and State Court has no jurisdiction to enjoin the enforcement of such writ in a case of which the Federal Court had jurisdiction originally.

2. JURISDICTION—FEDERAL COURTS—MOTION.—When a defendant township appears in a Federal Court, answers, resists the action, files appeal bond and prosecutes the appeal, the State Court cannot en-

quire if Federal Court had jurisdiction of defendant, as such fact does not appear on the face of the record, and such question can only be made by motion in original action in Federal Court.

Mr. Chief Justice McIver *dissents.*

Petition in original jurisdiction of this Court by John W. McCullough *et al.* against W. P. Hicks, county auditor, and H. J. Southern, county treasurer, *et al.*

*Mr. Joseph A. McCullough,* for petitioners (oral argument).

*Mr. Jas. I. Earle,* for county auditor and treasurer (oral argument).

*Messrs. Lewis W. Parker* and *H. J. Haynesworth,* for Fannie C. Pardee, party in interest, intervening by permission of the Court, cite: *Can this Court enjoin the collection and assessment of a tax?* Rev. Stats., secs. 339, 340, 341; 35 S. C., 213, 233, 245; 23 Stat., 81; 23 S. C., 70. *Can State Court interfere by injunction with mandamus of the Federal Court to enforce its judgment?* 107 U. S., 20; 159 U. S., 611; 73 U. S., 106, 518; 76 U. S., 409; 11 Wall., 136; 108 U. S., 543; 122 U. S., 284; 129 U. S., 193; 25 C. C. A., 476. *As to collateral attack on judgment:* 56 S. C., 1.

April 16, 1902. The opinion of the Court was delivered by

Mr. Justice Gary. This is an application to the Supreme Court, in the exercise of its original jurisdiction, for an injunction restraining the county auditor from assessing, and the county treasurer from collecting, a certain tax, which they were directed to assess and collect, by mandamus, issued by the United States Circuit Court for this district for the purpose of paying certain judgments recovered in that Court, on coupons of bonds issued by Dunklin Township (county of Greenville and State of South Carolina), in aid of a railroad.

The first question to be determined is whether this Court has jurisdiction of the case. The determination of the issues raised by the pleadings, involve the construction of sec. 1, art. iv., Constitution of the United States, providing that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," and this presents a federal question. *Hancock Nat. B.* v. *Farnum,* 20 Sup. Ct., 506. In determining this question, this Court is compelled to follow the decisions of the United States Supreme Court. The proceeding by mandamus has been construed to be in the nature of process for enforcing payment of a judgment, rendered by a Circuit Court of the United States. In *U. S. (Riggs)* v. *Johnson Co.,* 73 U. S., 197, the Court says: "Theory of the plaintiff is, that the writ of mandamus, in a case like the present, is a writ in aid of jurisdiction, which has previously attached; and that, in such cases, it is a process ancillary to the judgment, and is a proper substitute for the ordinary process of execution to enforce the payment of the same, as provided in the contract. Grant that such is the nature and character of the writ as applied in such a case, and it is clear that the proposition of defendants must utterly fail, as in that view, there can be no conflict of jurisdiction, because it has already appeared that a State Court cannot enjoin the process or proceedings of a Circuit Court. Complete jurisdiction of the case, which resulted in the judgment, is conceded; and if it be true that the writ of mandamus is a remedy ancillary to the judgment, and is the proper process to enforce the payment of the same, then there is an end of the argument, as it cannot be contended that a State Court can enjoin any such process of a Federal Court. When issued by a Federal Court, the writ of mandamus is never a prerogative writ. *Ky.* v. *Dennison,* 24 How., 97 (65 U. S., 725). Outside of this district, no Circuit Court can issue it at all, in the exercise of original jurisdiction. Power of the Circuit Courts in the several States to issue the writ of mandamus is confined exclusively to those cases in which it

may be necessary to the exercise of their jurisdiction. Express determination of this Court is, that it can only be issued by those Courts in cases *where the jurisdiction already exists* and not where it is to be acquired by means of the writ. *Kendall* v. *U. S.*, 2 Pet., 615; *McClung* v. *Silliman*, 6 Wheat, 601; *McIntyre* v. *Wood*, 7 Cranch, 506. Proposition of the defendant proves too much; for if it be correct, the Circuit Courts in the several States cannot issue the writ in any case. Such a proposition finds no support in the language of the judiciary act, or in the decisions of this Court. Twice this Court has affirmed the ruling of the Circuit Court in granting the writ in analogous cases, and once or more this Court has reversed the ruling of the Circuit Court in refusing the writ and remanded the cause, with direction that it should be issued. *Knox Co.* v. *Aspinwall*, 24 How., 385; *Von Hoffman* v. *Quincy*, 4 Wall., 554; *Supervisors* v. *U. S.*, 4 Wall., 446. Learned Courts in the States have advanced the same views, and it does not appear that there is any contrariety of decision. *Thomas* v. *Allegheny Co.*, 32 Pa., 225; *Hamilton* v. *Pittsburg*, 34 Pa., 509; *Armstrong* v. *Allegheny Co.*, 37 Pa., 279; *Graham* v. *Maddox*, 6 Am. Law Reg., 620; *Carroll* v. *Board of Police*, 28 Miss., 38; Moses Mandamus, 126. Tested by all these considerations, our conclusion is, that the proposition of the defendants cannot be sustained, and that the Circuit Courts in the several States may issue the writ of mandamus in a proper case, where it is necessary to the exercise of their respective jurisdictions, agreeably to the principles and usages of law. Where such an exigency arises, they may issue it, but when so employed it is neither a prerogative writ nor a new suit in the jurisdictional sense. On the contrary, it is a proceeding ancillary to the judgment which gives the jurisdiction, and when issued, becomes a substitute for the ordinary process of execution to enforce the payment of the same, as provided in the contract. *Kentucky* v. *Dennison*, 24 How., 97."

In *English* v. *Miller*, 2 Rich. Eq., 320, it was decided

35—63

that the court of equity of this State cannot enjoin the collection of an execution issued from the United States Court. As the report of that case is quite short, we reproduce it in full, as follows: "In December, 1843, the defendant, who is a citizen of Kentucky, recovered judgment against the complainants, on a promissory note in the Court of the United States for South Carolina. In February, 1845, the complainants filed this bill, praying an injunction to restrain the marshal from collecting the execution issued on the judgment. *The Chancellor:* If the complainants had any peculiar equitable ground of relief against the judgment rendered at law, their application should have been made on the equity side of the Court which rendered the judgment. This Court has certainly no authority to enjoin the proceedings of the Federal Court. See *McKim* v. *Voorhies,* 7 Cra., 279; 2 Story's Eq., 186. On appeal to this Court the decree of the Circuit Court was affirmed. Johnson, Johnston and Dunkin, C. C., concurring."

The doctrine announced in the case just mentioned is in entire harmony with the decisions of the United States Supreme Court, among which may be mentioned: *U. S. (Riggs)* v. *Johnson Co.,* 73 U. S., 166; *U. S.* v. *City of Keokuk,* 73 U. S., 518; *Mayor* v. *Lord,* 76 U. S., 409; *Amy* v. *Supervisors,* 11 Wall, 136; *Hawley* v. *Fairbank,* 108 U. S., 543; *Seibert* v. *U. S.,* 122 U. S., 284. See, also, *Halt Co.* v. *Nat. L. Ins. Co. of Montpelier,* 25 C. C. A., 469, and the copious and instructive notes by Mr. H. Campbell Black.

The petitioners contend that this Court has jurisdiction of the case by reason of the fact that the Circuit Court of the United States did not acquire jurisdiction of the township, and that judgment rendered by that Court is null and void, and may be disregarded in this proceeding. The rule is well settled, that if the judgment shows upon its face that the Court did not acquire jurisdiction of the defendant, it is a nullity and may be disregarded by any Court in which it is offered as evidence; but if the vice does not appear upon the face of the judgment, it can only be set

aside by a direct proceeding for that purpose, and in the Court in which it was rendered. The rule is thus stated by Mr. Justice Jones, in *Sanders* v. *Price,* 56 S. C., 1, to wit: "The record·disclosed no jurisdictional defect, as the Court had undoubted jurisdiction of the subject matter of the suit, and it appeared on the record that plaintiffs were parties duly represented by an attorney at law. In this State the law does not require, nor is it customary, that attorneys, claiming to represent parties, file warrants of attorney. When an attorney appears on the record for a party, a presumption arises that he appears by authority. *Bailey* v. *Boyce,* 5 Rich. Eq., 200; *Latimer* v. *Latimer,* 22 S. C., 263. The judgment in Porter *v.* Porter is not void, but merely voidable, for the alleged jurisdictional defect is not manifest from an inspection of the record (which presumptively shows the contrary), but is only made to appear by evidence *de hors* the record. Such judgment being merely voidable, is not subject to collateral attack, and must be held as valid and conclusive until set aside by a direct proceeding instituted for that purpose in that cause. *Turner* v. *Malone,* 24 S. C., 404; *Crocker* v. *Allen,* 34 S. C., 457; *Gillam* v. *Arnold,* 35 S. C., 613; *Martin* v. *Bowie,* 37 S. C., 114; *Prince* v. *Dickson,* 39 S. C., 480; *Hankinson* v. *R. R. Co.,* 41 S. C., 18; *Hunter* v. *Ruff,* 47 S. C., 552. These actions cannot be considered such direct proceedings brought for the purpose of impeaching the judgment in question. It follows, also, that the parol testimony upon which the Circuit Court relied in contradiction of the record was incompetent in these actions. *Parr* v. *Lindler,* 40 S. C., 197."

It appears upon the face of the record that the defendant in the case·in which judgment was rendered, was represented by eminent attorneys,·who appeared, answered the complaint, and contested the case upon the merits. It likewise appears in the record that the township (which was the defendant in that action) filed an appeal bond, when it sued out a writ of error to the United States Circuit Court of Appeals. Under these circumstances this Court cannot con-

sider whether the United States Circuit Court acquired jurisdiction of the defendant. That is a question solely to be determined by the Court that rendered the judgment. Having reached the conclusion that this Court is without jurisdiction, the other question cannot be considered.

It is the judgment of this Court, that the application be refused, and the petition dismissed.

MR. CHIEF JUSTICE McIVER *dissents.*