## SMITH v. WALKER, SUPERVISOR.

TOWNSHIPS—CONSTITUTION—BONDED DEBT—TAXATION—MUNICIPAL COR-
PORATION.—The power of the State to alter or destroy subordinate
municipal corporations can not be so exercised as to impair the obli-
gation of existing contracts. The amendment of 1903 to art. VII.,
sec 11, of Constitution of 1895, providing that the corporation of
certain townships should be abolished, is void as against bonded debts
previously created by them, and the Legislature may treat such debts
as valid upon said territory and provide for its payment by taxation,
and designate the proper officers and agents to carry out such pur-
pose.
*Floyd* v. *Perrin,* 30 S. C., 1, *disregarded because it is duty of this Court to
give full faith and credit to contrary opinion of U. S. Court.*

Petition in original jurisdiction of this Court by C. D. Smith and J. W. McCullough against J. W. Walker as County Supervisor and T. P. Neves and J. W. Moore as County Commissioners, as follows:

"1. That your petitioners are residents of the county of Greenville, and the owners of certain real estate situate in the township of Dunklin, in said county, and that they are taxpayers in said township.

"2. That the defendant John W. Walker is County Supervisor for said county, and T. P. Neves and J. W. Moon are County Commissioners for said county, and together constitute the Board of County Commissioners for said county.

"3. That heretofore, on December 23, 1882, the General Assembly of this State passed an act incorporating the

Greenville and Port Royal Railroad Company, and authorizing the issue, by the Board of County Commissioners of the several counties, of bonds in behalf of such townships as should be interested in the construction of said railroad, said bonds to be issued, however, only after a petition from the freeholders in said townships, and after the electors of said townships should have voted therefor. That on December 24, 1885, an amendatory act was passed changing the name of the said railway company, and declaring the townships corporations for the purposes of said act, and subject to all liabilities arising thereunder, and naming the Board of County Commissioners as the corporate agents thereof.

"4. That in pursuance of said act and in compliance with its terms, the Board of County Commissioners for Greenville County did on May 5th, 1886, issue bonds of Dunklin Township aggregating eleven thousand nine hundred dollars.

"5. That soon thereafter the Supreme Court of this State, in the case of *Floyd* vs. *Perrin,* reported in 30 S. C., 1, held said statutes insofar as they authorized the issue of township bonds, to be in violation of sec. 8, of art. IX., of the Constitution of 1868, taking the ground that said bonds were not for a corporate purpose of said township. This petition charges that as a matter of fact said decision was correct, and said act was unconstitutional, and said bonds invalid.

"6. That thereafter various suits were instituted in the United States Circuit Court for the District of South Carolina, by non-resident bondholders against the several townships which had issued bonds under said statutes. Two of said suits were carried to the Supreme Court of the United States by writ of error, and several others to the Circuit Court of Appeals for the Fourth Circuit. That in said cases it was adjudged by Supreme Court of the United States and Court of Appeals that said bonds were valid and binding indebtedness upon said townships, and that the statutes

were not in violation of the Constitution of the State, and accordingly judgments have been rendered in said causes against the defendant townships. That among the cases in which judgment was recovered by the bondholders were two against Dunklin Township, instituted by Fannie C. Pardee and Vannoy Cleveland, respectively, in both of which judgment was recovered against said township.

"7. That on February 28th, 1902, the General Assembly of this State passed a joint resolution proposing an amendment to sec. 11, of art. VII., of the Constitution of 1895, which amendment was voted upon favorably at the general election in November, 1902, and was ratified by the General Assembly by a joint resolution passed on February 23, 1903. That by said constitutional amendment it was provided that sec. 11, of art. VII., should not apply to the following townships: Dunklin and Oak Lawn, in Greenville County; Cokesbury, Ninety-Six and Cooper, in Greenwood County; Sullivan, in Laurens County; Huiett and Pine Grove, in Saluda County. That the corporate existence of said townships be destroyed and all officers and agents abolished and removed. Your petitioner charges that said amendment operates to deprive all officers and persons whatsoever of any power to do any act in behalf of the townships mentioned, and to prevent any officers or persons whatsoever from creating or renewing or refunding any indebtedness of any of the said townships.

"8. That the question as to the effect of said amendment upon the township bonds which had been issued under the acts of 1882 and 1885 was raised in a certain case; to wit: Folsom *vs.* Graham, in the United States Circuit Court for the District of South Carolina, which case was carried by writ of error to the United States Supreme Court, and that Court by a decision rendered on January 8, 1906, held in substance that said constitutional amendment had no effect so far as said bonds were concerned, and that the said amendment was void as to them, and that it tended to impair

the obligation of the contract, and it held further that said bonds were a valid indebtedness against the said townships, and that payment thereof could be enforced by taxation.

"9. That in consequence of said decision the General Assembly of this State, on February 21st, 1906, 25 Stat., 309, passed an act authorizing the County Board of Commissioners of the counties in which townships were situate, to adjust the said bonded indebtedness by paying sixty-five per cent. of the principal of said bonds, and of unbarred coupons and of interest on the same, and by paying all costs; and in order to raise the money for said purpose said act authorized the County Boards of Commissioners to issue bonds of the several townships, and said act directed that for the payment of said bonds taxes should be annually levied and collected by the proper county officers.

"10. That the County Board of Commissioners for Greenville County, acting in pursuance of the terms of said statute, have negotiated for the settlement of the said bonds issued by Dunklin Township, and said board is prepared to issue bonds of said township under the terms of said statute, and will do so unless restrained by this Court, to the great and irremedial damage of your petitioner and other taxpayers. That your petitioner is without remedy except in this Court.

"11. Your petitioner charges that the said act of February, 1906, is unconstitutional, null and void, in that the same is violative of the constitutional amendment adopted on February 23, 1903, and in that the said township of Dunklin is now without any officers or agents who are authorized to act in its behalf.

"Wherefore, your petitioner prays that this Court will enjoin the said County Board of Commissioners for Greenville County from issuing the bonds as aforesaid, and the statute of February, 1906, be declared unconstitutional and of no effect. And your petitioner prays that a rule may be issued against said County Board of Commissioners re-

quiring them to show cause why the said injunction should not issue."

### RETURN.

"The defendants having been required to show cause why the prayer of this petition should not be granted for cause show:

"1. They admit that they are about to issue bonds in behalf of Dunklin Township for the purpose of refunding the outstanding bonds of said township, and they allege that they are acting strictly in accordance with the statute of 1906 and with the full advice of the committee appointed by the taxpayers of said township and of the attorney representing said township. They allege further that said act is constitutional.

"2. They deny all matters and things set forth in said petition inconsistent with the foregoing."

*Messrs. Shuman & Earle,* for petitioners (oral argument).

*Mr. Jos. A. McCullough,* contra (oral argument).

*Mr. H. J. Haynesworth,* for bondholders, cites: *Bonds are valid debts of townships:* 159 U. S., 611; 30 C. C. A., 657; 31 C. C. A., 593; 45 C. C. A., 429; 26 Sup. Ct. R., 245; 63 S. C., 544; 64 S. C., 374. *And may be paid by taxation or refunding bonds:* 49 S. C., 89. *Provision for payment is not dependent on incorporation of townships:* Art. X., secs. 5 and 6; 30 S. C., 604; 62 S. C., 28; 3 Dill, 113; 95 U. S., 360; 111 U. S., 263; 120 U. S., 141; 105 U. S., 237; 45 C. C. A., 479; 43 Fed. R., 352; 21 C. C. A., 511; 137 Fed. R., 449.

July 4, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The petitioners, residents of Greenville County and taxpayers in Dunklin Township, in said county, have applied to this Court in its original jurisdiction

to enjoin the county commissioners of Greenville County from issuing bonds pursuant to the act of February 21, 1906, 25 Stat., 309, on the ground that said act is unconstitutional. Reference is made to the petition and return herewith reported for a more detailed statement.

The title to the act in question is, "An act authorizing the adjustment of the bonded indebtedness of certain townships contracted in aid of railroads." The preamble of said act recites that under "An act to charter the Greenville and Port Royal Railroad Company," approved December 23, 1882, and an amendatory act approved December 24, 1885, Dunklin Township (among others), pursuant to an election held under said act, issued certain bonds of said township amounting to $11,900. The preamble also recites that in certain suits brought by the holders of certain of said bonds it has been decided by the Supreme Court of the United States and the Court of Appeals for the Fourth Circuit of the United States, that said bonds constitute a valid and binding indebtedness of said townships respectively, and that the same must be paid by taxation, and it is further recited that negotiations are pending looking to an adjustment of said bonded indebtedness.

Section one authorizes the county board of commissioners of Greenville County (and other counties named) to settle the bonded indebtedness of Dunklin Township (and other townships mentioned) by paying the bondholders sixty-five per cent. of the principal of the said bonds and designated interest, upon surrender of the bonds and coupons and satisfaction of the said judgments, and it is specially provided that the county board of commissioners of Greenville County representing Dunklin Township may make such adjustment in behalf of Dunklin Township upon the approval of a committee of citizens and taxpayers representing said township and their attorney, and to this end may issue bonds of the township as provided in the statute. Section two empowers the county board of commissoiners of the several counties

named to issue coupon bonds of the said townships in such
an amount as may be necessary to settle the said indebted-
ness on the basis aforesaid. Section three declares that the
bonds so issued shall be a debt of the said townships respect-
ively to be paid by taxes upon the property of the respective
townships, and the county auditor is required to annually
levy upon the property in the said townships a sum sufficient
to pay said interest and the county treasurer is required to
collect the taxes so levied, said assessment and collection to
be at times and in manner as provided for assessment and
collection of other county taxes. Section four provides for
the issue of new coupon bonds for refunding said bonds if
not paid at maturity.

The constitutionality of this statute is assailed on two
grounds, (1) that it violates the constitutional amendment
adopted on February 23, 1903, and (2) that Dunklin Town-
ship is without any officers or agents authorized to act in its
behalf.

Art. VII., sec. 11, of the Constitution, declares that "each
of the several townships of the State, with names and boun-
daries as now established by law, shall constitute a body
politic and corporate, etc." An amendment to this section
was ratified February 23, 1903, 24 Stat., 3, providing that
said section should not apply to the townships of Dunklin
and Oaklawn, in the county of Greenville; the townships of
Cokesbury, Ninety-Six and Cooper, in the county of Green-
wood; Sullivan Township, in the county of Laurens; Huiett
and Pine Grove, in the county of Saluda; and further pro-
viding, "that the corporate existence of said townships be
and the same are hereby destroyed, and all officers under
said townships are abolished and all corporate agents re-
moved."

The Supreme Court of the United States, in the case of
*Graham* vs. *Folsom*, 26 Sup. Ct. Rep., 245, has declared that
the power of the State to alter or destroy subordinate muni-
cipalities cannot be so exercised as to impair the obligation

of a contract of such municipal corporations. Judgments in the Federal Court have been obtained against Dunklin Township establishing the bonds originally issued as valid and binding bonded indebtedness of the township, and that the statute under which they were issued forms a part of the contract. It, therefore, becomes the duty of this Court, notwithstanding the case of *Floyd* vs. *Perrin,* 30 S. C., 1, 8 S. E., 14, 2 L. R. A., 242, and cases based thereon, to give full faith and credit to the final judgments of the Federal Court, and to recognize the said outstanding bonds as a valid obligation of Dunklin Township. *McCullough* vs. *Hicks,* 63 S. C., 542, 41 S. E., 761, 2 L. R. A., 242; *Holstien* vs. *Commissioners,* 64 S. C., 374, 42 S. E., 180. There being a valid binding indebtedness of Dunklin Township existing prior to the said constitutional amendment of 1903, it was perfectly competent for the Legislature to provide for its adjustment as enacted in the said statute of 1906. We do not find in the Constitution any limitation on the power of the Legislature to enact such statute; on the contrary, in art. X., sec. 5, it is provided that "the General Assembly shall require that all property (except that herein permitted to be exempted) within the limits of municipal corporations shall be taxed for corporate purposes and for the payment of debts contracted under authority of law. * * * That nothing herein shall prevent the issue of bonds for the purpose of paying or refunding any valid municipal debt heretofore contracted, etc.," and in section 6 the power of the Legislature to authorize a county or township to levy a tax or issue bonds to pay past indebtedness is expressly recognized.

Conceding that Dunklin Township is not a full fledged municipal corporation with corporate purposes and corporate agents, it is nevertheless in the power of the Legislature to treat the debt represented by the said outstanding bonds as a valid debt of the territory known as Dunklin Township and to provide for its payment by taxation upon the property in said territory. *State* vs. *Whitesides,* 30 S. C., 580, 9 S. E.,

661, 3 L. R. A., 777; *State* vs. *Neely*, 30 S. C., 600, 9 S. E., 664, 3 L. R. A., 672. The statute in question supplies and designates the necessary officers and agents to carry out its purposes.

It appears that all the conditions required by the statute of 1906 for the issuing of the new bonds exist. The application for injunction must, therefore, be refused, and it is so adjudged.